**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EUGENE HAMAMOTO; JOHN P. ROCO,
*Plaintiffs-Appellants*,

v.

DAVID Y. IGE, Governor of the State
of Hawaii; DEMOCRATIC PARTY OF
HAWAII; SCOTT T. NAGO, in his
official capacity as the Chief
Election Officer of the State of
Hawaii; BRIAN EVANS,
*Defendants-Appellees.*

No. 15-15572

D.C. No.
1:14-cv-00491-
DKW-BMK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Filed January 25, 2018

Before:  Stephen Reinhardt, Susan P. Graber[*],
and Morgan Christen, Circuit Judges.

Per Curiam Opinion

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's dismissal of plaintiffs' complaint alleging that the temporary appointment of then-Lieutenant Governor Brian Schatz as the United States senator from Hawaii violated their rights under the Seventeenth Amendment.

Schatz was appointed on December 26, 2012, by then-Governor Neil Abercrombie after Senator Daniel K. Inouye passed away, creating a vacancy in the representation of Hawaii in the Senate.  On May 11, 2014, Hawaii's Chief Election Officer announced a special election for the office. Plaintiffs sued, alleging that the temporary appointment and pending special election violated their rights under the Seventeenth Amendment.  The district court dismissed the complaint, holding that the vacancy election conducted five

---

[*] This case was submitted to a panel that included Judge Kozinski, who recently retired.  Following Judge Kozinski's retirement, Judge Graber was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h. Judge Graber has read the briefs, reviewed the record, and listened to oral argument.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

days after the filing of plaintiffs' complaint mooted their challenge and that the exception for cases "capable of repetition, yet evading review" did not apply.

The panel first held that plaintiffs' failure to seek a preliminary injunction did not foreclose the availability of the "capable of repetition, yet evading review" exception to mootness. The panel determined that a temporary appointment to the United States Senate under Hawaii Revised Statute § 17-1 lasts, at most, two years and five months. Hence, the panel recognized that the controversy over the legality of such an appointment is one of inherently limited duration. The panel noted, however, that the judicial system has developed procedures for expediting review of time-sensitive controversies. The panel held that plaintiffs had not demonstrated that expedited review would have been unavailable in a case like theirs. The panel held that because it was not convinced that two years and five months was inadequate time for a case of this type to receive plenary review by the federal courts, the "capable of repetition, yet evading review" exception to mootness did not apply.

---

## COUNSEL

Sean Morales-Doyle (argued), Michael P. Persoon, and Thomas H. Geoghegan, Despres Schwartz & Geoghegan Ltd., Chicago, Illinois; James Hochberg, Honolulu, Hawaii; for Plaintiffs-Appellants.

Clyde J. Wadsworth (argued), Valri Lei Kunimoto, Deirdre Marie-Iha, and Patricia Ohara, Deputy Attorneys General; Douglas S. Chin, Attorney General; Department of the

Attorney General, Honolulu, Hawaii; for Defendants-Appellees David Y. Ige and Scott T. Nago.

Brian A. Kang (argued), Watanabe Ing LLP, Honolulu, Hawaii; for Defendants-Appellee Democratic Party of Hawaii.

## OPINION

PER CURIAM:

Plaintiffs Eugene Hamamoto and John Roco allege that the temporary appointment of then-Lieutenant Governor Brian Schatz as United States senator from Hawaii violated their rights under the Seventeenth Amendment. The district court held that a vacancy election conducted five days after the filing of their complaint mooted their challenge and that the exception for cases "capable of repetition, yet evading review" did not apply. We affirm.

## BACKGROUND

On December 17, 2012, Senator Daniel K. Inouye passed away, creating a vacancy in the representation of Hawaii in the Senate. Hawaii Revised Statute § 17-1 provides, in relevant part:

> When a vacancy occurs in the office of United States senator, the vacancy shall be filled for the unexpired term at the following state general election. . . . The chief election officer shall issue a proclamation designating the election for filling the vacancy. . . .

> Pending the election, the governor shall make a temporary appointment to fill the vacancy by selecting a person from a list of three prospective appointees submitted by the same political party as the prior incumbent. The appointee shall serve until the election and qualification of the person duly elected to fill the vacancy and shall be, at the time of appointment, and shall have been, for at least six months immediately prior to the appointment, a member of the same political party as the prior incumbent. . . .

Haw. Rev. Stat. § 17-1. Pursuant to § 17-1, the Democratic Party of Hawaii provided a list of three prospective appointees to then-Governor Neil Abercrombie on December 26, 2012, nine days after Senator Inouye's death. That same day, Governor Abercrombie appointed one of the three candidates, Lieutenant Governor Brian Schatz, to fill the vacancy temporarily.

On May 11, 2014, Hawaii's Chief Election Officer, Scott Nago, announced a special election for the office. The primary election was scheduled for August 9, 2014, and the general election for November 4, 2014. The appointed senator, former Lieutenant Governor Schatz, won the Democratic primary. On October 30, 2014—five days before the general election—Plaintiffs sued Governor Abercrombie, Chief Election Officer Nago, and the Democratic Party of Hawaii in district court, alleging that the temporary appointment and the pending special election violated their

rights under the Seventeenth Amendment.[1] Plaintiffs did not move for a preliminary injunction to stop the general election from occurring, and Schatz won that election by a decisive margin.

After Senator Schatz's victory, Plaintiffs abandoned their objection to the special election but continued to "seek declaratory relief to rectify the unconstitutional nature of Hawaii's election law." In February 2015, the district court dismissed their claim as moot, ruling that the "capable of repetition, yet evading review" exception to the mootness doctrine did not apply. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## STANDARD OF REVIEW

We review the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) *de novo*. *Stratman v. Leisnoi, Inc.*, 545 F.3d 1161, 1167 (9th Cir. 2008).

## DISCUSSION

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Thus, "[t]o qualify as a case fit for federal-court adjudication, an actual

---

[1] Plaintiffs sued Governor Abercrombie and Chief Election Officer Nago in their official capacities. Hawaii's current governor, David Y. Ige, was substituted as a defendant when he took office in 2015. Plaintiffs also named Senator Schatz and the other primary and general candidates for the vacant Senate seat as defendants. The other candidates were voluntarily dismissed before the district court, and we granted the parties' joint motion to dismiss Senator Schatz.

controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (internal quotation marks omitted). An exception exists, however, for controversies that are "capable of repetition, yet evading review." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016). "That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks and brackets omitted).

"For a controversy to be 'too short to be fully litigated prior to cessation or expiration,' it must be of '*inherently* limited duration.'" *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (quoting *Doe v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012). That is, the controversy "will only ever present a live action until a particular date, after which the alleged injury will either cease or no longer be redressible." *Id.* The "limited duration of [the] controvers[y] [must be] clear at the action's inception." *Id.*

Defendants argue that the controversy presented by this case is not inherently limited in duration. Rather, Plaintiffs' failure to seek preliminary injunctive relief caused the case to become moot after the November 4, 2014 general election. We disagree. It is true that, usually, when an inherent limit derives from an event that a court order can delay, the exception to mootness will not apply because "a court can ensure that a live controversy persists until the action is fully litigated by enjoining the challenged conduct until the litigation concludes." *Id.* We have not, however, required plaintiffs to seek a preliminary injunction that perpetuates or

exacerbates the injury being complained of for the sole purpose of keeping a controversy alive. In this case, a court order enjoining the general election from proceeding could not have alleviated the injury Plaintiffs allegedly suffered because their claimed harm is having Hawaii's senate seat filled on a temporary basis through a mechanism that allegedly violates the Constitution. An injunction delaying the general election would have prolonged Plaintiffs' claimed injury. We therefore hold that Plaintiffs' failure to seek a preliminary injunction here does not foreclose the availability of the "capable of repetition, yet evading review" exception to mootness.

By our reading, a temporary appointment to the United States Senate under Hawaii Revised Statute § 17-1 lasts, at most, two years and five months.**[2]** Hence, the controversy over the legality of such an appointment is one of inherently limited duration. *Id.* The question remains whether "the underlying action is almost certain to run its course before either this court or the Supreme Court can give the case full consideration." *Alcoa, Inc. v. Bonneville Power Admin.*, 698

---

**[2]** At the time this suit was filed, Hawaii Revised Statute § 17-1 stated that the election must take place at the next state general election, unless the vacancy occurred less than sixty days before the primary election, in which case the special election would take place at the general election next following. Hawaii holds its primary election on the second Saturday in August. *See* Haw. Rev. Stat. § 12-2. The Hawaii State Legislature amended § 17-1 in June 2015 to advance the cutoff date from sixty days before the primary election to twenty-one days before the deadline for filing nominating papers, which is the first Tuesday in June. *See* Haw. Rev. Stat. § 12-6(a). Thus, if a vacancy occurred in May of an election year, less than 21 days before the June deadline for filing nominating papers, under § 17-1 a plaintiff would have two years and five months before the "general election next following" to litigate a challenge to the statute.

F.3d 774, 787 (9th Cir. 2012) (internal quotation marks omitted). The Supreme Court has held that two years is "too short to complete judicial review of the lawfulness of . . . procurement [contracts]." *Kingdomware Techs.*, 136 S. Ct. at 1976. We have also held three years to be insufficient for a case involving the legality of a labor agreement to "proceed beyond district court review." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010) (internal quotation marks omitted). But a suit challenging the appointment of a United States senator raises questions of national importance, and the judicial system has evolved procedures for expediting review of time-sensitive controversies. *See, e.g.*, Sup. Ct. Rule 11 (allowing for certiorari before judgment "upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in [the Supreme] Court."); 9th Cir. Rule 27–12 (allowing for expedited briefing and hearing "upon a showing of good cause."). In *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003) (en banc) (per curiam), for instance, the plaintiffs sued to enjoin a recall election that was scheduled to take place just three months later. *Id.* at 916–17. The district court denied a preliminary injunction less than two weeks after suit was filed, a panel of this court reversed just over three weeks later, and we then took the case en banc, heard argument, and issued an opinion in the space of less than two weeks—only 47 days after plaintiffs first filed suit. *Id.*

Plaintiffs have not demonstrated that expedited review would have been unavailable in a case like theirs. *See Davis*, 554 U.S. at 735. Because we are not convinced that two years and five months is "almost certain[ly]" inadequate time for a case of this type to receive plenary review by the federal

courts, we hold that the "capable of repetition, yet evading review" exception to mootness does not apply.[3]  *Alcoa*, 698 F.3d at 787.

## CONCLUSION

We affirm the district court's dismissal of Plaintiffs' complaint.

**AFFIRMED.**

---

[3] Because we conclude that this case is moot, we do not reach any of the other issues presented.  *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 626 (9th Cir. 2016).