NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 76

No. 2019-144

| | |
|---|---|
| Christopher Sullivan | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Lisa Menard, Commissioner | September Term, 2019 |

Mary Miles Teachout, J.

Matthew F. Valerio, Defender General, and Annie Manhardt, Prisoners' Rights Office, Montpelier, for Plaintiff-Appellant.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Andrew Gilbertson and Jared C. Bianchi, Assistant Attorneys General, Waterbury, for Defendant-Appellee.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Wesley, Supr. J. (Ret.), Specially Assigned

¶ 1.    **EATON, J.**  Petitioner appeals from a trial court order granting summary judgment to the Vermont Department of Corrections (DOC) on his Vermont Rule of Civil Procedure 75 petition challenging the DOC's decision to deny him reintegration furlough. We conclude that petitioner's appeal is mooted by the expiration of his minimum sentence and dismiss.

¶ 2.    The record reveals the following facts. Petitioner was convicted of one count of driving under the influence of intoxicating liquor with death resulting, in violation of 23 V.S.A. §§ 1201(a)(2) and 1210(f)(1), and one count of leaving the scene of a fatal accident, in violation of 23 V.S.A. § 1128(a) and (c). While serving a resulting incarcerative sentence, he sought Civil

Rule 75 review of the DOC's decision to deny him reintegration furlough and earned time toward such furlough, arguing that this denial was predicated on unlawful consideration of his convictions as indicative of a history of violent behavior.

¶ 3. The DOC may authorize reintegration furlough or an award of earned time toward reintegration furlough only where these decisions are made in accordance with rules promulgated by the DOC pursuant to the grant of authority at 28 V.S.A. § 808c(c). Under the statute, these rules must be "designed to" evaluate several factors, including "history of violent behavior." 28 V.S.A. § 808c(c)(1). The DOC created rules which specify that a current conviction of any offense listed at 13 V.S.A. § 5301(7) "will be considered indicative of a history of violence." Granting Reintegration Furlough § 6(B), Code of Vt. Rules 13 130 026, https://doc.vermont.gov/about/policies/rpd/rules/rpd/correctional-services-301-550/371-375-programs-classification-and-case-planning/policy-372-granting-reintegration-furlough [https://perma.cc/3MWH-CAUM]. Both operating a vehicle under the influence of alcohol with death resulting and leaving the scene of a fatal accident are thus listed. 13 V.S.A. § 5301(7)(W), (Y). Accordingly, the DOC cited its consideration of the circumstances of petitioner's convictions as a basis for its decision to deny him reintegration furlough. Petitioner claims that § 6(B) of the DOC rule exceeds DOC's authority both under 28 V.S.A. § 808c(c) and the Vermont Constitution.

¶ 4. During the pendency of this appeal, the DOC moved to dismiss the case as moot. It contends that, because petitioner reached his minimum sentence on August 5, 2019, and was paroled on August 14, 2019, the requested relief can no longer be granted. Petitioner responds that the DOC has failed to prove that this situation will not reoccur, observing that he could be reincarcerated and subsequently denied furlough on the basis of the same two convictions, which will remain on his record. In the alternative, he urges this Court to adopt a public-interest exception to the mootness doctrine. We conclude that the case is moot, decline to adopt such an exception, and dismiss.

¶ 5. "The mootness doctrine derives its force from the Vermont Constitution, which, like its federal counterpart, limits the authority of the courts to the determination of actual, live controversies between adverse litigants." Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543, 944 A.2d 260 (mem.) (quotation omitted). "Even if a case originally presented an actual controversy in the trial court, the case must remain live throughout the appellate process for us to examine the issues." Id. (observing that "a change in facts or circumstances can render a case moot if this Court can no longer grant effective relief" (quotation omitted)). Accordingly, "[w]hen mootness is raised, we must inquire 'whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.' " Holton v. Dep't of Emp't & Training, 2005 VT 42, ¶ 14, 178 Vt. 147, 878 A.2d 1051 (quoting All Cycle, Inc. v. Chittenden Solid Waste Dist., 164 Vt. 428, 432, 670 A.2d 800, 803 (1995)).

¶ 6. Petitioner does not appear to dispute that, as of August 5, 2019, he is no longer eligible for reintegration furlough under his current sentence.[1] See 28 V.S.A. § 808c(a)(1) (providing that reentry furlough may be granted "up to 180 days prior to completion of the minimum sentence"); id. § 808c(b) (indicating that earned time is "to be applied prior to the expiration of the offender's minimum term."). Instead, he claims that the DOC bears the burden of demonstrating that this injury will not reoccur, arguing that he retains a legally cognizable interest in the outcome of this case because, should he be reincarcerated, the DOC could again use

---

[1] Indeed, petitioner acknowledges that he "is no longer eligible for reintegration furlough under his current sentence[.]" However, it is not entirely clear whether he uses "sentence" to denote his period of incarceration or the entire sentence he received upon conviction, to include his term of supervision. Because an offender is eligible for reintegration furlough only prior to the expiration of his minimum sentence, see 28 V.S.A. § 808c(a)(1), (b), and reincarceration owing to a violation of probation or parole would represent revocation of probation or parole rather than imposition of a new sentence with a new minimum, see 28 V.S.A. §§ 303(a), 552(b)(2), we assume petitioner's argument addresses the eventuality that he may reoffend and be reincarcerated based on a new conviction.

his convictions for driving under the influence with death resulting and leaving the scene of a fatal accident as a basis for denial of reintegration furlough.

¶ 7. Petitioner's reliance on Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc. to support this burden allocation is misplaced. 528 U.S. 167 (2000). Laidlaw held that "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." 528 U.S. 167, 189 (quoting United States v. Concentrated Phosphate Export Ass'n., 393 U.S. 199, 203 (1968)). Here, the DOC indicates no intent to disavow or amend its allegedly unlawful rule; rather, petitioner cannot be granted reintegration furlough with respect to his current sentence because—independent of any DOC action—his minimum has expired. This is not a voluntary-compliance case.

¶ 8. Petitioner's argument simply does not rise to the level of a case or controversy. The suggestion that petitioner may once again commit a criminal offense that DOC regulations do not classify as indicative of a history of violent behavior, but for which reintegration furlough is permitted, see 28 V.S.A. § 808c(d), be apprehended, charged with that crime, convicted, sentenced to an incarcerative term qualifying for reintegration furlough, see id. § 808c(a), and otherwise satisfy the various factors considered in making a reintegration furlough decision, see id. § 808c(c)(1), thus subjecting him to denial on the basis of his prior convictions, is highly speculative in nature. In other words, it fails to present "a sufficient prospect that the decision will have an impact on the parties." All Cycle, Inc., 164 Vt. at 432, 670 A.2d at 803 (quoting 13A C. Wright et al., Federal Practice & Procedure § 3533, at 212 (1984)). Therefore, in conceding that "the order []he appeals no longer has any effect on [his] commitment status[,]" petitioner necessarily concedes that "the case is moot unless it fits within an exception to the mootness doctrine." In re P.S., 167 Vt. 63, 67, 702 A.2d 98, 100 (1997).

4

¶ 9. However, petitioner does not assert that this case falls within any of the exceptions to the mootness doctrine recognized in our case law. See, e.g., Paige v. State, 2017 VT 54, ¶ 10, 205 Vt. 287, 171 A.3d 1011 (describing such exceptions). Instead, he invites this Court to adopt a public-interest exception to the mootness doctrine. In jurisdictions where this exception is recognized, courts require only that the issues presented "be substantial, pressing, and likely to recur to qualify for the exception." In re S.N., 2007 VT 47, ¶ 9, 181 Vt. 641, 928 A.2d 510 (mem.) (collecting cases). Petitioner observes that, given the time frame in which reintegration furlough decisions are made and the exhaustion requirements applicable to incarcerated plaintiffs, it is unlikely that a claim like his could be fully litigated before the incarcerated offender reaches his or her minimum sentence.[2]

¶ 10. This is not the first time this Court has had cause to consider such a request. Thus, it is well established that our "historic reluctance" to adopt a public-interest exception to the mootness doctrine is grounded in an understanding that "issuing an advisory opinion, even based on public-interest considerations" would exceed the constitutional mandate that this Court determine only "actual controversies." Id. ¶¶ 6, 9 (quotation omitted); see also In re Constitutionality of House Bill 88, 115 Vt. 524, 64 A.2d 169 (1949) (holding that power to render advisory opinions "is in no wise incidental to the constitutional function of the judiciary of this State and no act of the Legislature can confer it"). Further, we have recognized that such an exception "would almost certainly swallow the rule." In re S.N., 2007 VT 47, ¶ 9 ("We can hardly

---

[2] We do not accept the premise that if we do not adopt a public-interest exception to the mootness doctrine, a challenge to the DOC rules implementing 28 V.S.A. § 808c(c) cannot be fully litigated by an incarcerated offender with standing before the offender reaches the minimum release date. See, e.g., 3 V.S.A. § 807 (authorizing declaratory judgment action "if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff"); Sosna v. Iowa, 419 U.S. 393, 401-02 (1975) (holding in class action that mootness as to individual class representative does not moot litigation if controversy may still exist between defendant and member of the class represented by named plaintiff).

imagine a state action that is not of substantial public significance and would not, therefore, qualify for this exception."). For these reasons, even in cases involving a compelling public interest, this Court has declined to recognize the exception. See State v. Gotavaskas, 2015 VT 133, ¶¶ 18, 26, 200 Vt. 597, 134 A.3d 536 (refusing to adopt the public-interest exception in order to hear case regarding sealed competency report despite recognition that, "[f]or the judicial system to function properly, it is essential that the basis for court rulings not be cloaked, because this prevents the public from knowing how and why decisions have been reached").

¶ 11. Therefore, although reintegration furlough decisions implicate an important public interest, as before, "we once again reject a catchall public-interest exception to the mootness doctrine." In re S.N., 2007 VT 47, ¶ 9. Because the dispute between the parties has been mooted by expiration of petitioner's minimum sentence, we do not address his substantive arguments.

Dismissed.

FOR THE COURT:

_____
Associate Justice

6