[Cite as *Wright State Applied Research Corp. v. Wright State Univ.*, 2022-Ohio-4415.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

|  |  |  |
|---|---|---|
| WRIGHT STATE APPLIED RESEARCH CORPORATION | : | |
| | : | |
| | : | Appellate Case No. 2022-CA-39 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2020-CV-489 |
| v. | : | |
| | : | (Civil Appeal from |
| WRIGHT STATE UNIVERSITY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2022.

. . . . . . . . . . .

TIMOTHY G. PEPPER, Atty. Reg. No. 0071076 & ZACHARY S. ARNOLD, Atty. Reg. No. 0096819, 40 North Main Street, Suite 1700, Dayton, Ohio 45423
    Attorneys for Plaintiff-Appellant

MIA MEUCCI YANIKO, Atty. Reg. No. 0083822 & HOLLY E. LECLAIR WELCH, Atty. Reg. No. 0082346, Assistant Attorneys General, Office of the Ohio Attorney General, Education Section, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215
    Attorneys for Defendant-Appellee

. . . . . . . . . . . .

LEWIS, J.

**{¶ 1}** Plaintiff-Appellant Wright State Applied Research Corporation ("WSARC") appeals from the trial court's judgment granting summary judgment to Defendant-Appellee Wright State University. WSARC[1] contends that the trial court erred in finding that WSARC had not established an exception to the mootness doctrine. For the reasons that follow, we affirm the trial court's judgment.

I.      Facts and Course of Proceedings

**{¶ 2}** On January 22, 2019, Wright State received a public records request from the Dayton Daily News for certain emails sent to or received by Dennis Andersh between September 1, 2018, and December 2, 2018, that contained the words "ATIC," "Advanced Technical Intelligence Center," or "CBD." WSARC's Verified Complaint for Declaratory Judgment and Injunctive Relief, ¶ 17. At that time, Andersh was the Chief Executive Officer of WSARC, which is a separate and distinct entity from Wright State. WSARC's emails were hosted on Wright State's server, which included those of Andersh. *Id.* at ¶ 9, 11-12.

**{¶ 3}** "In conformance with [Wright State's] routine course of action when receiving such requests, [Wright State] directed its IT department to retrieve the responsive emails from its server and provided them to WSARC for review and input as to an appropriate response." *Id.* at ¶ 18. Upon review, some emails were identified that appeared to

---

[1] In its appellate brief, WSARC notes that it is now known as Parallax Advanced Research Corporation. For purposes of clarity and consistency, we will use WSARC rather than Parallax to refer to Plaintiff-Appellant in this Opinion.

include communications between Andersh and legal counsel. *Id.* at ¶ 19. Redactions were made to those emails. *Id.* at ¶ 20. "With WSARC's authorization, [Wright State] then provided the redacted emails" to the Dayton Daily News. *Id.* at ¶ 21.

{¶ 4} The Dayton Daily News objected to some of the redactions and demanded that Wright State produce unredacted versions of the records. Wright State informed WSARC of the demand made by the Dayton Daily News and alerted WSARC that Wright State planned to produce unredacted versions of the records. *Id.* at ¶ 22-23

{¶ 5} On October 5, 2020, WSARC commenced an action in the Montgomery County Court of Common Pleas seeking a declaratory judgment and injunctive relief to prevent Wright State from releasing unredacted versions of the records. The Dayton Daily News was not included as a party to the lawsuit. On that same day, the trial court granted a temporary restraining order, which provided, in part:

> Defendant is restrained and enjoined from providing to the media, or any other person, unredacted versions of the emails previously identified as being responsive to the 2019 public records request referenced in the Complaint, which [Wright State] has already provided to the media in redacted form.

October 5, 2020 Temporary Restraining Order, p. 2.

{¶ 6} On November 17, 2020, the magistrate issued a decision on WSARC's motion for a preliminary injunction. The magistrate found that "there is insufficient evidence in the record to establish that WSARC is the functional equivalent of a public office. Thus, there is insufficient evidence to subject WSARC to the Public Records Act."

Consequently, the magistrate found that WSARC had demonstrated a likelihood of success on the merits and enjoined Wright State "from providing to the media, or any other person, any of the redacted emails, previously authorized for release to the media by WSARC in un-redacted form." On December 30, 2020, the trial court adopted the magistrate's decision and granted a preliminary injunction on these terms.

{¶ 7} On September 14, 2021, while the lawsuit was still pending, a representative of the Dayton Daily News sent an email to Wright State's Director of Communications stating, in pertinent part:

> This email is to inform you that the Dayton Daily News is hereby withdrawing its request for WSARC records filed on Jan. 22, 2019 that is currently at the center of a legal dispute between Wright State University and [WSARC]. While we maintain that these records are public records, and I can't rule out the potential that we may request them or similar records in the future, we are respectful of WSU's request to drop the matter in the interest of stewardship of public funds.

Wright State's Motion for Summary Judgment, Exhibit D.

{¶ 8} On April 21, 2022, Wright State filed a motion for summary judgment contending that WSARC lacked standing to continue pursuing the action and the Dayton Daily News' withdrawal of its public records request rendered the case moot. On June 17, 2022, the trial court granted the motion for summary judgment, finding that the matter was moot and WSARC could not establish that its claims were capable of repetition, yet evading review. WSARC filed a timely notice of appeal.

II.     The Trial Court Did Not Err In Granting Summary Judgment

{¶ 9} WSARC's sole assignment of error states that:

The Trial Court erred in granting WSU's Motion for Summary Judgment.

{¶ 10} Pursuant to Civ.R. 56(C), a trial court shall grant summary judgment if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000). Similarly, "[t]he issue of mootness is a question of law; therefore, we review the trial court's decision finding the instant matter moot under the de novo standard of review."   *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 5.

{¶ 11} Normally, the provision of requested records to a party seeking access to public records from a governmental entity renders litigation over the request for records moot.   *See State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).   Similarly, the withdrawal of a request for public records renders litigation over the request for those records moot.   However, there is an exception to this mootness doctrine if the claim at issue is capable of repetition, yet evading review.   *Id.* This exception to mootness "applies only in exceptional circumstances in which the following two factors are both present:   (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable

expectation that the same complaining party will be subject to the same action again." *Id.*

{¶ 12} The trial court found that the matter before it was moot when the Dayton Daily News withdrew its record request. Further, the trial court found that the capable of repetition, yet evading review exception did not apply to the facts before it. The court stated, in part:

> WSARC argues the "capable of repetition, yet evading review" exception to mootness applies because the Dayton Daily News "might" make the same public records request again and that WSARC is at risk that its business records "will be the subject of disclosure by WSU in response to a public records request." (See WSARC's Memorandum in Opposition, p. 4). That said, WSARC has not established that the issue it now raises will always be too short in duration to be fully litigated or that if this issue were to arise again, review will be evaded in the future. In addition, there is nothing in the record to indicate WSARC will be subject to this action again.

June 17, 2022 Judgment Entry, p. 3.

{¶ 13} As an initial matter, Wright State contends that WSARC cannot utilize this "capable of repetition, yet evading review" exception to the mootness doctrine because:

> consideration of whether the challenged action is too short to be litigated and whether there is a reasonable expectation that the complaining party will be subject to the same action, is relevant only to a properly plead

mandamus action. That is because, in a mandamus action, all necessary parties are already joined in the matter, and the court can compel the release of records. There was no mandamus action here.

Appellee's Brief, p. 4-5.

{¶ 14} While we acknowledge that this exception to the mootness doctrine often arises in mandamus actions involving a news organization seeking access to public records from a governmental entity, that does not mean that the exception is only applicable to mandamus actions. Indeed, one of the most well-known applications of the exception was in a non-mandamus appeal. *See Rowe v. Wade*, 410 U.S. 113, 125, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973).

{¶ 15} WSARC contends that the trial court erred in finding that the capable of repetition, yet evading review exception did not apply. According to WSARC, it:

remains at risk that its confidential business records, including those that the Trial Court had already preliminarily enjoined [Wright State] from disclosing, will be the subject of disclosure by [Wright State] in response to a future public records request. In addition, because [Wright State's] position is that these documents are public records, [WSARC] is at substantial risk that [Wright State] will turn them over to the media with no notice whatsoever to [WSARC] and with no opportunity for [WSARC] to protect its interests. In that scenario, the issue of whether [WSARC's] business records are "public records" will be litigated again, but in the context of a lawsuit to enjoin further releases and to recover damages.

Appellant's Brief, p. 11-12.

{¶ 16} But the record before us belies WSARC's concerns. For example, in ¶ 15 of its Verified Complaint for Declaratory Judgment and Injunctive Relief, WSARC stated:

Indeed, WSU has recognized WSARC's expectation of privacy by routinely providing WSARC with any public record requests seeking documents related to WSARC or any emails that may be to/from Andersh. In the past, WSU has deferred to WSARC regarding which documents, if any, can be released and to what extent redactions must be applied.

Moreover, WSARC noted that Wright State had a "routine course of action when receiving similar requests" to direct "its IT department to retrieve the responsive emails from its server and provided them to WSARC for review and input as to an appropriate response." *Id.* at ¶ 18.

{¶ 17} In short, WSARC recognizes in its own Verified Complaint that Wright State has consistently worked cooperatively with WSARC when public records requests are made to Wright State that relate to WSARC and Andersh. This fact weighs against a finding that "there is a reasonable expectation that the same complaining party will be subject to the same action again." Rather, the suit commenced by WSARC seems to be the exception rather than the rule, which lessens the likelihood that WSARC will be forced to file for injunctive relief again. *See State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 6-8 (noting that there was no evidence showing that the Cincinnati Public Schools previously had refused to provide the newspaper with requested records so as to establish a reasonable expectation that the

same complaining party would be subject to the same action again).

{¶ 18} WSARC contends that it has established a reasonable expectation because of the statement by the representative of the Dayton Daily News that he could not "rule out the potential that we may request them or similar records in the future." We believe this vague statement regarding a future possibility does not outweigh the fact that Wright State has a routine practice of consulting with and deferring to WSARC about public records requests relating to WSARC. Therefore, WSARC, on the record before us, cannot establish that "there is a reasonable expectation that the same complaining party will be subject to the same action again."

{¶ 19} Moreover, it is undisputed that the trial court had sufficient time to grant a temporary restraining order and then a preliminary injunction in favor of WSARC regarding the public records request made by the Dayton Daily News to Wright State. This fact weighs against a finding that "the challenged action is too short in its duration to be fully litigated before its cessation or expiration." Rather, we see no reason a future action involving similar circumstances would not be fully litigated. *E.g., State v. White*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 14 ("Injunctions preventing the expenditure of public funds to finance mailings by a mayor are not always so ephemeral that they cannot be fully litigated before cessation."); *State ex rel. WBNS 10 TV v. Franklin Cty. Sheriff's Office*, 2003-Ohio-409, 784 N.E.2d 207, ¶ 14 (10th Dist.) ("There is no reason why a court could not address this issue in a mandamus action if the [respondent] were to refuse to comply with a similar public records request in the future.").

{¶ 20} WSARC's claims were rendered moot when the Dayton Daily News

withdrew its request for unredacted records. We must keep in mind that the capable of repetition, yet evading review exception to the mootness doctrine applies "only in exceptional circumstances." *State ex rel. Calvary*, 89 Ohio St.3d at 231, 729 N.E.2d 1182. We agree with the trial court that such exceptional circumstances do not exist in the record before us. Therefore, the assignment of error is overruled.

III.    Conclusion

**{¶ 21}** WSARC's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Timothy G. Pepper
Zachary S. Arnold
Mia Meucci Yaniko
Holly E. LeClair Welch
Hon. Adolfo A. Tornichio