NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 30

No. 22-AP-081

| Vermont Journalism Trust | Supreme Court |
|---|---|
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Agency of Commerce & Community | January Term, 2023 |
| Development & Lindsay Kurrle, Secretary | |

Robert A. Mello, J.

Harrison Stark, Lia Ernst and Hillary Rich, ACLU Foundation of Vermont, Montpelier, and Heather E. Murray and Andrew P. Gelfand, Legal Intern, Cornell Law School First Amendment Clinic, Ithaca, New York, and Timothy Cornell of Cornell Dolan, P.C., Boston, Massachusetts, for Plaintiff-Appellant.

Susanne R. Young, Attorney General, and Eleanor L.P. Spottswood, Solicitor General, Montpelier, for Defendants-Appellees.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **COHEN, J.** In this Public Records Act (PRA) case, plaintiff Vermont Journalism Trust (VJT) seeks from the State an index under 1 V.S.A. § 318(b)(2) identifying the records the State refuses to produce and the basis for its decision. During the pendency of this appeal, the State produced all records responsive to VJT's public-records request, including those previously withheld. Because no live controversy remains, we dismiss this appeal as moot.

¶ 2. The record indicates the following. In August 2020, VJT sought from the State emails to or from former Secretary of the Agency of Commerce and Community Development

Lawrence Miller related to the Jay Peak EB-5 fraud scandal. The State denied the request, citing the PRA's litigation exception, id. § 317(c)(14). Section 317(c)(14) exempts from production "[r]ecords that are relevant to litigation to which the public agency is a party of record, provided all such matters shall be available to the public after ruled discoverable by the court before which the litigation is pending, but in any event upon final termination of the litigation." The State indicated that the requested records were relevant to pending litigation in Sutton v. Vermont Regional Center, No. 100-5-17 Lecv (Vt. Super. Ct.).

¶ 3.     Following an unsuccessful agency appeal, VJT filed this suit in October 2020. The parties filed cross-motions for summary judgment, which the court granted and denied in part. It found that the requested records were covered by the litigation exception but that outside circumstances had partially overtaken the case. The court explained that, at some point after VJT filed this case, the Sutton plaintiffs formally requested all the same documents at issue here (as well as many more) in discovery. The State subsequently voluntarily complied with the discovery request (minus any privileged documents). The PRA court thus directed the State to produce the same records to VJT given that the litigation exception no longer applied. The State did so.

¶ 4.     In October 2021, VJT moved to compel the State to produce a Vaughn index of the remaining withheld records under 1 V.S.A. § 318(b)(2).[1] VJT argued that the State must do so because it continued to withhold documents. VJT maintained that, absent an index, the State could not meet its burden of showing that an exception to PRA applied.

¶ 5.     Section 318(b)(2) provides in relevant part:

---

[1] A Vaughn index requires "that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." Hinton v. Dep't of Just., 844 F.2d 126, 129 (3d Cir. 1988); cf. Rutland Herald v. Vt. State Police, 2012 VT 24, ¶ 10 n.2, 191 Vt. 357, 49 A.3d 91 ("We do not believe that a Vaughn index is necessary, or would even be helpful, where the records fall under a categorical exemption from public access.").

(b) Upon request, the custodian of a public record shall promptly produce the record for inspection or a copy of the record, except that:

. . . .

(2) If the custodian considers the record to be exempt from inspection and copying under the provisions of this subchapter, the custodian shall promptly so certify in writing. The certification shall:

(A) identify the records withheld;

(B) include the asserted statutory basis for denial and a brief statement of the reasons and supporting facts for denial;

(C) provide the names and titles or positions of each person responsible for denial of the request; and

(D) notify the person of his or her right to appeal to the head of the agency any adverse determination.

The statute goes on to detail the process by which "[a]ny denial of access by the custodian of a public record may be appealed to the head of the agency," id. § 318(c)(1), and then to the superior court, if necessary, id. § 319(a).

¶ 6.     The State opposed the motion to compel. It asserted that it had already provided the required certification under § 318(b)(2). It further argued that the withheld records remained subject to the litigation exception and had not yet been produced in Sutton. If the documents were produced in Sutton, the State explained, the litigation exception would end, and the documents would be produced to VJT.

¶ 7.     The trial court found no basis to compel the State to create an index under § 318(b)(2). It clarified that the only remaining records were those sought in discovery in Sutton but withheld there under a claim of attorney-client privilege. The documents thus remained withheld in the instant case primarily under the litigation exception and secondarily under the exception applicable to privileged records. The court found that requiring the State to create another index under § 318(b)(2) would be an empty gesture as there was no colorable claim that

3

the withheld documents were <u>not</u> subject to the litigation exception. The only conceivable reason for further indexing, the court stated, would be to assist VJT in challenging the State's assertion of privilege in hopes of showing that the documents should have been produced in the <u>Sutton</u> case and thus should be produced in this case. But that would do exactly what the litigation exception forbade: it would put the PRA court in the position of making a discovery determination in a collateral case. See, e.g., <u>Wesco, Inc. v. Sorrell</u>, 2004 VT 102, ¶ 21, 177 Vt. 287, 865 A.2d 350 ("Exempting disclosure of documents relevant to ongoing litigation outside the discovery process prevents the issuance of conflicting and inconsistent judgments in competing courts."). The court further found that § 318(b)(2) applied in the course of an administrative denial of a records request and did not require additional indexing in subsequent litigation. For these and other reasons, the court denied VJT's motion to compel. VJT appealed.

¶ 8.     VJT argues on appeal that the State has a continuous obligation under § 318(b)(2) to create an index any time it withholds records. VJT states that it seeks "an index to determine <u>which</u> records the State is withholding and why it believes they are exempt in <u>this</u> PRA case."

¶ 9.     The Court heard arguments in this case in January 2023. In February 2023, the <u>Sutton</u> court granted the <u>Sutton</u> plaintiffs' motion to compel the production of documents to which the State had asserted various privileges. The State complied and then produced the records to VJT as well, providing VJT with the 1089 records identified as responsive in this case. Having provided VJT with all the records it requested, the State now moves to dismiss this case as moot. It maintains that there can be no need for an index of withheld documents because there are no longer any withheld documents. The State argues that VJT has received complete relief and no exception to the mootness doctrine applies.

¶ 10.     We agree that this case is moot. This Court has jurisdiction only over "an actual controversy arising between adverse litigants who have a legally cognizable interest in the outcome of the case." <u>Paige v. State</u>, 2017 VT 54, ¶ 6, 205 Vt. 287, 171 A.3d 1011. "Even if a case

4

originally presented an actual controversy in the trial court, the case must remain live throughout the appellate process for us to examine the issues." Sullivan v. Menard, 2019 VT 76, ¶ 5, 211 Vt. 138, 222 A.3d 79 (quotation omitted). "A case becomes moot—and this Court loses jurisdiction—when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case." Paige, 2017 VT 54, ¶ 7.

¶ 11.    As the State notes, the purpose of the PRA is "to provide for free and open examination of records," 1 V.S.A. § 315(a), and a party may file suit "to enjoin the public agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Id. § 319(a).  VJT argued in its complaint that it was entitled to the records it sought and that the documents were being wrongfully withheld by the State.  It maintained that the State should not be allowed to rely on the litigation exception because the litigation might last months or years and the purpose of the exception would not be served.  After the State disclosed all nonprivileged records during these proceedings, VJT sought an index from the State regarding the remaining documents "to determine which records the State is withholding and why it believes they are exempt in this PRA case."  The State has now provided VJT with all of the records it sought in its complaint.[2]  No live controversy remains.  See, e.g., Wright State Applied Rsch. Corp. v. Wright State Univ., 2022-Ohio-4415, ¶ 11, No. 2022-CA-39, 2022 WL 17547524 (Ct. App. Dec. 9, 2022) ("Normally, the provision of requested records to a party seeking access to public records from a governmental entity renders litigation over the request for records moot.").

---

[2]  VJT questions whether the materials sought in discovery in Sutton encompass the same materials sought and disclosed to VJT.  The State alleged in its motion for summary judgment that the documents VJT sought were encompassed in the discovery requests made by the Sutton plaintiffs and the trial court so found.  As of February 2022, the court found that the only remaining withheld records were those that were sought in discovery in Sutton but not yet produced under a claim of attorney-client privilege.  In January 2023, the Sutton plaintiffs moved to compel the State to produce all outstanding responsive documents and all requested documents and correspondence, and the court granted its request.

¶ 12. We are not persuaded otherwise by VJT's arguments. VJT contends that, notwithstanding the production of the documents, the State must still supply an index of the documents previously withheld and that VJT retains a legally cognizable interest in that information. According to VJT, an index under § 318(b)(2) would provide an important accountability function under the PRA. VJT acknowledges that § 318(b)(2) is triggered by a withholding of records but contends that, having chosen to withhold records during this process, the State's failure to provide the requested index constitutes a separate injury.

¶ 13. We find nothing in the PRA to support this argument. The PRA is designed to promote public examination of government records and § 318(b)(2) is a tool to this end. As set forth above, § 318(b)(2) provides that "[i]f the custodian considers the record to be exempt from inspection and copying under the provisions of this subchapter, the custodian shall promptly so certify in writing," and provide certain information, including "identify[ing] the records withheld" and providing "the asserted statutory basis for denial and a brief statement of the reasons and supporting facts for denial." (Emphasis added.) As there are no longer any withheld records at this point in the litigation, there is no basis for any certification under § 318 identifying withheld records.

¶ 14. We similarly reject VJT's assertion that "[t]he only conceivable basis for a finding of mootness" here is the State's "voluntary conduct," and consequently, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (quotation omitted). Assuming it has received all the records it requested, VJT contends that the State chose to produce the remaining records sought by VJT and nothing prevents the State from again refusing to produce an index of documents in a different case.

¶ 15. We agree with the State that "[t]his is not a voluntary-compliance case." Sullivan, 2019 VT 76, ¶ 7. The rule concerning voluntary cessation "traces to the principle that a party

6

should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001). The State did not "temporarily alter[] questionable behavior" here. Id. It withheld documents in this case pursuant to the litigation exception, 1 V.S.A. § 317(c)(14). This "simply delayed" the production of these records until the termination of litigation, Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 23, or until the documents were "ruled discoverable by the court before which the litigation [was] pending," 1 V.S.A. § 317(c)(14). The State was ordered by the Sutton court to disclose documents withheld under claims of privilege to the Sutton plaintiffs. Consequently, the State was also required to produce the documents to VJT as there was no longer any basis for withholding them. There is no possibility that the State could withhold the same records again.

¶ 16. This case does not fall within an exception to the mootness doctrine for cases "capable of repetition yet evading review." State v. Rooney, 2008 VT 102, ¶ 11, 184 Vt. 620, 965 A.2d 481 (mem.) (quotation omitted). We have explained that this exception is "narrow," and "applies only where: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Id. (quotation omitted).

¶ 17. "In considering the first prong, we have examined whether, in the future, the complaining party would not be able to challenge [the action] effectively." In re Blue Cross, 2022 VT 53, ¶ 10, __ Vt. __, 288 A.3d 160 (quotation omitted); see also Hamamoto v. Ige, 881 F.3d 719, 723 (9th Cir. 2018) (per curiam) ("The question . . . [is] whether the underlying action is almost certain to run its course before . . . the [court] can give the case full consideration." (quotation omitted)). "If a litigant could have taken actions to expedite the appellate process but did not, the matter does not fit within this exception." Blue Cross, 2022 VT 53, ¶ 10 (quotation omitted); see also Hamamoto, 881 F.3d at 723 (concluding that capable-of-repetition-but-evading-

7

review exception was not met in case where plaintiffs did "not demonstrate[] that expedited review would have been unavailable").

¶ 18. VJT acknowledges that it did not pursue this appeal in an expedited fashion. It argues, however, that the duration of the litigation was largely within the State's control. We reject that proposition. As set forth above, the State withheld documents pursuant to the litigation exception and the duration and discovery rulings in that case were not within the State's control.

¶ 19. VJT's reliance on Biodiversity Legal Found. v. Badgley, 309 F.3d 1166 (9th Cir. 2002), is misplaced. The court there recognized that "an issue that evades review is one which, in its regular course, resolves itself without allowing sufficient time for appellate review." Id. 1173-74. It added that "[i]n cases . . . where the challenged conduct is a failure to act, it is difficult to determine with precision whether future conflicts will run their courses before being fully litigated, because the duration of the controversy is solely within the control of the defendant." Id. 1174. The Badgley court found the exception applicable where the plaintiffs argued that the defendant had engaged in a pattern of taking the requested action "shortly after suit [was] commenced," and provided eight examples in support of its contention. Id. Given this showing, the court concluded that plaintiffs had shown that the "disputes [were] routinely too short in duration to receive full judicial review." Id.

¶ 20. VJT has made no such showing here. It merely speculates that the State might choose to unilaterally produce records or a § 318(b)(2) certification, allowing the controversy to become moot. We note that this case began in 2020 and more than two years elapsed before it became moot through the ordinary application of the terms of the litigation exception. Cf. Paige, 2017 VT 54, ¶ 24 (Robinson, J., concurring) (observing that "[s]everal months is a sufficient window to allow for judicial review"). VJT fails to show that it will be unable to effectively challenge the absence of an index under § 318(b)(2) should that issue arise again in a future case.

8

This case is moot and "any opinion issued by this Court would merely be advisory" and outside "our constitutional authority to render."  Id. ¶ 6 (majority opinion).

Appeal dismissed as moot.

FOR THE COURT:

_____

Associate Justice