## IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40512-2012

| | | |
|---|---|---|
| GREGORY RENSHAW, | ) | |
| | ) | **Boise, December 2013 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2013 Opinion No. 136** |
| v. | ) | |
| | ) | **Filed: December 18, 2013** |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., a | ) | **Stephen W. Kenyon, Clerk** |
| Delaware corporation, | ) | |
| | ) | |
| Defendant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HOMECOMINGS FINANCIAL, LLC, a | ) | |
| Delaware limited liability company, and | ) | |
| EXECUTIVE TRUSTEE SERVICES, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Deborah A. Bail, District Judge.

The judgment of the district court is <u>affirmed</u>.

Jon M. Steele, Runft & Steele Law Offices PLLC, Boise, argued for appellant.

Michael G. Halligan, Sussman Shank LLP, Portland, Oregon, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a judgment dismissing an action by the grantor of a deed of trust against MERS. We affirm the judgment of the district court.

### I.
### Factual Background.

Gregory A. Renshaw (Borrower) entered into a transaction to refinance the debt secured by his home. As part of that transaction, on June 27, 2007, he executed a promissory note in the sum of $236,250.00 owing to Homecomings Financial, LLC and a deed of trust granting his home as security for payment of the note.

The deed of trust stated, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." The deed of trust defined "MERS" as "Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."

Borrower did not make the payments due under the promissory note, and in August 2010, the trustee under the deed of trust commenced nonjudicial foreclosure proceedings. On December 6, 2010, Borrower filed this action against the mortgage broker, the lender, MERS, and the trustee. Ultimately, summary judgment was granted in favor of MERS and a partial judgment was entered dismissing this action as to it. That judgment was certified as final pursuant to Idaho Rule of Civil Procedure 54(b), and Borrower appealed.

## II.
### Is Mortgage Electronic Registration Systems, Inc. a Lawful "Beneficiary" under Idaho's Trust Deeds Act?

Borrower contends that MERS cannot be a beneficiary because it is not owed any money under the promissory note. "[T]he deed of trust must have been given to secure an obligation to the beneficiary and for the benefit of the beneficiary." *Edwards v. Mortgage Electronic Registration Systems, Inc*., 154 Idaho 511, 516, 300 P.3d 43, 48 (2013). The deed of trust names MERS as beneficiary "(solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." As we held in *Edwards*, "[H]aving MERS the named beneficiary as nominee for the lender conforms to the requirements of a deed of trust under Idaho law." *Id*. at 517, 300 P.3d at 49.

Borrower argues that this case is distinguishable from *Edwards* because in this case the promissory note had been assigned several times. The deed of trust is to secure the obligation to pay the promissory note. The assignment of the promissory note does not alter the right of the

2

new holder of the note to have MERS be the named beneficiary as the nominee of the new holder.

Borrower asserts that MERS cannot act on behalf of the holder of the promissory note signed by Borrower because MERS admitted in its answer that "it does not represent and is not the agent of the current holder of the Appellant's Note." Borrower's assertion misstates the record. In his amended complaint, Borrower alleged, "MERS does not represent and is not the agent of the current holder of the Renshaw Note." In response to that allegation, the lender, the trustee, and MERS stated in their answer that "Defendants admit MERS does not 'represent' the current holder of the Note and *deny it is not the 'agent' of the same*." (Emphasis added.) Thus, MERS denied that it was not the agent of the current holder of the promissory note.

## III.
## Did MERS Violate the Recording Requirements of Idaho Code Section 45-1505(1)?

Borrower contends that assignments of the deed of trust have been made, but they were not recorded, in violation of Idaho Code section 45-1505(1). He alleges in his opening brief, "In this case MERS admits that assignments of both the Appellant's Note and Appellant's DOT [deed of trust] have been made but fail to identify the assignee or owner and fail to offer any paper evidencing the assignments."

Again, this is a misstatement of the record. In his amended complaint, Borrower alleged, "Homecomings [lender] has assigned the Renshaw Deed of Trust without recourse." In their answer, the lender, the trustee, and MERS stated with respect to this allegation that "Defendants admit that Homecomings has transferred *its interest* in the Renshaw Deed of Trust." (Emphasis added.) They did not admit that there had been an assignment of the deed of trust. They only admitted that the lender had transferred its interest in the deed of trust.

A deed of trust is given "to secure the performance of an obligation of the grantor or any other person named in the deed to a beneficiary." I.C. § 45-1503(1). When the deed of trust was executed, it was given to secure payment of a promissory note owing to Homecomings Financial, LLC, the lender. MERS was the named beneficiary in the deed of trust "solely as nominee for Lender and Lender's successors and assigns." When Homecomings transferred its interest in the promissory note, it also transferred its interest in the deed of trust to the assignee of the note.

3

When that occurred, there is no need to change the name of the beneficiary in the deed of trust as long as the new holder of the note agreed that MERS could act as its nominee.

Idaho Code section 45-1505(1) states that a trustee may foreclose a deed of trust by advertisement and sale if: "The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated." Under the facts of this case, no assignment of the deed of trust was necessary. MERS remained as the beneficiary in its role as the nominee for the lender and the lender's assigns.

## IV.
### Did the District Court Err in Dismissing the Negligence Claim against MERS?

Borrower alleged that MERS was liable to him for negligence. "The elements of common law negligence have been summarized as (1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980). The district court determined that there was no showing that MERS breached any duty owing to Borrower. On appeal, Borrower has not identified any duty recognized by law that MERS owed to him. The district court did not err by dismissing this claim.

## V.
### Did the District Court Err in Dismissing the Claim against MERS under the Idaho Consumer Protection Act?

Borrower alleged that MERS violated the Idaho Consumer Protection Act, specifically subsections (3) and (17) of Idaho Code section 48-603. This statute has no application to this case. It only proscribes certain methods or acts "in the conduct of any trade or commerce." "Trade" and "commerce" are defined as "the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or distributing goods or services." I.C. § 48-602(2). Although "goods" includes real property, I.C. § 48-602(6), there is no evidence in this case that MERS was involved in the advertising, offering for sale, selling, leasing, or renting of any goods or services, or in collecting the debts arising out of the sale or

4

lease of goods or services, or in distributing goods or services. The district court did not err in dismissing this claim against MERS.

## VI.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Borrower seeks attorney fees on appeal pursuant to Idaho Code section 12-120(3). In making that request, Borrower simply states, "Pursuant to Idaho Code § 12-120(3) and I.A.R 35(a)(5) Appellant, as the prevailing party in this appeal, shall be entitled to an award of attorney fees and costs." Borrower is not entitled to an award of attorney fees for two reasons. First, a general assertion to an award of attorney fees under Idaho Code section 12-120(3) is insufficient to request attorney fees on appeal, where the specific portion of the statute relied upon is not identified and, if necessary, supported by argument as to why it is applicable. *Stephen v. Sallaz & Gatewood, Chtd.*, 150 Idaho 521, 529-30, 248 P.3d 1256, 1264-65 (2011); *Appel v. LePage*, 135 Idaho 133, 139, 15 P.3d 1141, 1147 (2000). Second, that statute only provides for the award of attorney fees to the prevailing party, *Storey Constr., Inc. v. Hanks*, 148 Idaho 401, 411, 224 P.3d 468, 478 (2009), and Borrower is not the prevailing party on appeal.

MERS seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-121. In normal circumstances, attorney fees will only be awarded under that statute when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Borrower filed his notice of appeal on November 27, 2012, and his opening brief on appeal on April 2, 2013. Our decision in *Edwards* was not issued until April 25, 2013. Under these circumstances, we will not award attorney fees on appeal under section 12-121.

## VII.
### Conclusion.

We affirm the judgment of the district court, and we award costs on appeal, but not attorney fees, to respondent.

Chief Justice BURDICK, Justices J. JONES, HORTON and J. Pro Tem SCHROEDER **CONCUR.**

5