**ENTRY ORDER**
2023 VT 46
SUPREME COURT CASE NO. 22-AP-353
JUNE TERM, 2023

| | | |
|---|---|---|
| Gabriel Handy | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Civil Division |
| | } | |
| Kelly Fiske & Kayla Currier | } | CASE NO. 22-CV-03249 |

Trial Judge:  Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

¶ 1.    Landlord Gabriel Handy appeals the trial court's dismissal of his ejectment action. Because tenants Kelly Fiske and Kayla Currier have vacated the property and returned possession to landlord, we conclude that this appeal is moot and therefore dismiss.

¶ 2.    The following facts are undisputed.  Tenants rented an apartment from landlord starting in May 2020.  After tenants failed to pay their August 2022 rent, landlord sent tenants a notice terminating the tenancy for nonpayment of rent.  The notice identified the date on which the tenancy would terminate and stated that the "amount due" was $1825, which included $1800 for August rent and a $25 administrative processing fee.  The notice also provided, "If, before the date of termination, you pay the total amount due in addition to any other rent that becomes due then your tenancy will not terminate on that date."

¶ 3.    In September 2022, after the date for termination passed, landlord filed suit for a single count of ejectment based on nonpayment of rent, seeking possession of the property and back rent, amongst other monetary relief.  Tenants moved to dismiss, arguing that the notice's inclusion of nonrent charges in the redemption amount was a misstatement of the law under 9 V.S.A. § 4467(a) that rendered the notice deficient.  Section 4467(a) states, in pertinent part:

> The landlord may terminate a tenancy for nonpayment of rent by providing actual notice to the tenant of the date on which the tenancy will terminate . . . .  The rental agreement shall not terminate if the tenant pays or tenders rent due through the end of the rental period in which payment is made or tendered.

Landlord argued that the notice complied with the law because § 4467(a) does not require the notice to include the amount of rent due to redeem the tenancy. The trial court granted tenants' motion to dismiss, reasoning that § 4467(a) requires a notice of termination for nonpayment of rent to specify the redemption amount, which only includes rent due. Landlord appealed on December 20, 2022. It is undisputed that at some point between when the trial court granted tenants' motion to dismiss on November 21, 2022, and when tenants filed their appellate docketing statement on January 13, 2023, tenants moved out.

¶ 4. Before us, the parties present the same arguments raised below. In addition, tenants assert that this appeal is moot because landlord has regained possession of the property and no exception to the mootness doctrine applies.[1]

¶ 5. This Court's jurisdiction is limited to "actual, live controversies between adverse litigants." Holton v. Dep't of Emp't & Training, 2005 VT 42, ¶ 14, 178 Vt. 147, 878 A.2d 1051. "A case becomes moot—and this Court loses jurisdiction—when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case." Paige v. State, 2017 VT 54, ¶ 7, 205 Vt. 287, 171 A.3d 1011. Live controversy is a continuing requirement, and a case may be rendered moot after it is filed. In re Moriarty, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991). We have recognized two exceptions to the mootness doctrine: (1) "when negative collateral consequences are likely to result from the action being reviewed" and (2) "when the underlying situation is capable of repetition, yet evades review." In re Durkee, 2017 VT 49, ¶ 12, 205 Vt. 11, 171 A.3d 33 (quotation omitted).

¶ 6. The case before us became moot when tenants moved out of the property and returned possession to landlord. Although landlord's notice of termination was sent pursuant to 9 V.S.A. § 4467(a), the claim he filed was a single count for ejectment under 12 V.S.A. § 4851. See Andrus v. Dunbar, 2005 VT 48, ¶ 14, 178 Vt. 554, 878 A.2d 245 (mem.) (explaining that, under statutory scheme, landlord who terminates lease under provisions in Title 9 must then bring ejectment action under chapter 169 of Title 12). An ejectment action under § 4851 "allows an action for possession where the former lessee 'holds possession of the demised premises without right, after the termination of the lease.' " Id. ¶ 10 (quoting 12 V.S.A. § 4851). Damages in an ejectment action are derivative of the ejectment action for possession and cannot be sustained separately. Id. ¶ 15. Here, landlord has obtained the relief sought with the ejectment action: possession. Thus, although he also sought monetary relief, there is still no longer a live controversy, because these damages are derivative of the moot ejectment action.[2]

¶ 7. This case does not fall under the negative collateral consequences exception. For this exception to apply, the impact "must be specific to the appellant," Paige, 2017 VT 54, ¶ 16, and cannot be purely speculative, In re Blue Cross, 2022 VT 53, ¶ 20, __ Vt. __, 288 A.3d 160.

---

[1] Because we dismiss this appeal as moot, appellant's motion to continue oral argument and motion to extend time to file a memorandum to show cause why this appeal should not be dismissed as moot are denied.

[2] We note that an ejectment action was not the only avenue for landlord to obtain monetary relief.

2

"We have applied this exception to three kinds of cases: involuntary-hospitalization orders; post-conviction challenges; and stalking orders." Id. Landlord does not identify any negative collateral consequence specific to him that will persist as a result of this action, let alone one rising to a level commensurate with the three situations identified in our precedent. In fact, he concedes that in the future he will formulate notice differently. The mere assertion that a legal question should be answered to lend clarity is insufficient. See Sullivan v. Menard, 2019 VT 76, ¶¶ 9-11, 211 Vt. 138, 222 A.3d 79 (declining to adopt public-interest exception to mootness doctrine).

¶ 8. This appeal also does not fall under the exception for situations capable of repetition yet evading review. This exception requires that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." Durkee, 2017 VT 49, ¶ 12 (quotation and brackets omitted). There is no bright line for when a duration is too short to permit judicial review. Blue Cross, 2022 VT 53, ¶ 12. To evaluate whether a situation is "capable of repetition," we conduct a person-specific inquiry and require more than a theoretical possibility that the situation will recur. Paige, 2017 VT 54, ¶ 13.

¶ 9. This situation fails the first prong of the test, because landlord has not demonstrated that the duration of the challenged action was too short for appellate review. Landlord waited almost a full month before deciding to seek appellate review. Once he did so, he did not take any actions to expedite his appeal. See Blue Cross, 2022 VT 53, ¶ 10 ("If a litigant could have taken actions to expedite the appellate process but did not, the matter does not fit within this exception." (quotation omitted)). Further, we are not persuaded by his argument that, should a similar situation recur, it would once again evade judicial review. See In re Kurtzman, 194 F.3d 54, 59 (2d Cir. 1999) (concluding that situation did not satisfy evading-review prong where, if same issue arose again, it would not inevitably moot prior to review); DeFunis v. Odegaard, 416 U.S. 312, 319 (1974) (per curiam) (explaining that just because case did not reach Court before it was mooted did not mean that same issue would evade review in future). There is no set timeline for an ejectment action, and it is entirely possible that an appeal could be taken and decided before the tenants vacate the property.[3] Therefore, should landlord take the steps to appeal quickly and seek to expedite the process, the nature of the challenged action itself would not prevent him from obtaining review. See Renaissance Mgmt. Co. v. Barnes, 168 A.3d 530, 535 (Conn. Ct. App.

---

[3] Landlord opines that mootness is entirely within the control of tenants because they can choose to yield possession at any time. To the extent he attempts to raise a voluntary-cessation argument, we are not persuaded that this is a voluntary-cessation case. "The rule concerning voluntary cessation traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." Vt. Journalism Tr. v. Agency of Com. & Cmty. Dev., 2023 VT 30, ¶ 15, __ Vt. __, __ A.3d __ (quotation omitted). Here, tenants have not temporarily altered questionable behavior; they have permanently vacated the residence and ceded any right of possession. Further, we are not tasked with reviewing tenants' conduct here; the inquiry in this case is whether landlord's notice of termination satisfied the statutory requirements to predicate his cause of action for ejectment. See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (quotation omitted)).

3

2017) (concluding that landlord-tenant dispute was moot where tenant ceded possession to landlord and determining that evading-review exception did not apply because eviction proceeding was not by its nature too short for future review). As this first part of the test is not satisfied, we need not reach the capable-of-repetition prong.

¶ 10. Because this appeal is moot and no exception to the mootness doctrine applies, landlord's appeal is dismissed.

Appeal dismissed as moot.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice