**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52552**

| | | |
|---|---|---|
| DPW ENTERPRISES LLC and MOUNTAIN PRIME 2018 LLC, | ) ) ) | Filed: February 4, 2026 |
| Plaintiffs-Respondents, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JEREMY L. BASS, | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| DWAYNE PIKE, and CURRENT OCCUPANT; and Unknown Parties in Possession of the real property commonly known as 1515 21st. Ave., Lewiston, ID 83501, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Michelle M. Evans, District Judge.

Judgment granting summary judgment, <u>affirmed</u>; order denying motion to reconsider, <u>affirmed</u>.

Jeremy L. Bass, Lewiston, pro se appellant.

Halliday Watkins & Mann, P.C.; Lewis N. Stoddard, Boise, for respondents.

---

HUSKEY, Judge

This case arises from a post-foreclosure ejectment action following the non-judicial foreclosure sale of real property located in Lewiston, Idaho. Jeremy L. Bass appeals from the district court's denial of his motion to reconsider summary judgment, which was granted in favor of DPW Enterprises LLC and Mountain Prime 2018 LLC (collectively "DPW"). Following the grant of summary judgment, a writ of restitution was executed, and Bass was evicted from the

1

property. Because Bass did not establish a genuine issue of material fact or law as to ownership of the property, we affirm the district court's judgment granting summary judgment and order denying Bass's motion to reconsider.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bass entered into a loan agreement to purchase the property at issue in this case. The loan was financed by Zions Bank, N.A. Shortly thereafter, Bass's loan was sold to Bank of America, N.A. Following the sale, Bass executed a deed of trust that listed Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, solely as nominee of Bank of America, N.A. The deed of trust was recorded in 2009 in Nez Perce County. Bass missed several payments, and a notice of default was recorded on August 17, 2022. Bass then received notice of a trustee's sale, which was held on February 29, 2024, and pursuant to Idaho Code § 45-1506. Bass and a representative of DPW were the only attendees at the sale; DPW was the only bidder. DPW purchased the property for $165,346.71, which was recorded via trustee's deed in Nez Perce County on March 3, 2024.

Prior to the default and subsequent trustee's sale, Bass rented the property to Dwayne Pike.[1] Following the sale, DPW provided Bass and Pike with a notice of eviction and three-day demand to vacate the property. Pike indicated that he was occupying the property as a tenant of Bass pursuant to a lease agreement and was provided an additional ninety days to vacate the property. After ninety days, Pike continued to occupy the property; DPW then filed a post-foreclosure complaint for ejectment and restitution of property. Bass filed a response to the complaint and a pro se motion seeking appointment of co-counsel.

In his answer, Bass raised several arguments, including: (1) the foreclosure sale was conducted unlawfully, and therefore DPW's deed of trust is invalid; (2) Bass did not sign the 2009 deed of trust and, instead, his signature was forged; and (3) both Bass and Pike were legally allowed to remain on the property because DPW, as "fraudulent owners," had no right to issue nor enforce an eviction notice.

Bass also asserted nine "affirmative defenses": (1) DPW violated the Sherman Antitrust Act of 1890, 15 U.S.C. § 1, by manipulating the foreclosure auction; (2) a breach of contract claim

---

[1] Although initially listed as a party, Pike is not a party on appeal. Litigation between Pike and DPW remains ongoing in the district court.

2

against Bass's mortgage company, Carrington Mortgage Services, LLC; (3) illegal transfer of ownership of the property by the mortgage company; (4) the foreclosure was based on a fraudulent instrument which invalidates the foreclosure and trustee's deed; (5) a conflict of interest between the mortgage company and the trustee; (6) mismanagement of Bass's loan forbearance by the mortgage company; (7) the instrument "acted upon" by DPW was unrecorded and invalid; (8) the title to the property was clouded; and (9) there were ongoing investigations concerning the "fraudulent actions related to this case" with the Lewiston Police Department, the United States Securities and Exchange Commission, and the Office of the Inspector General for the Department of Homeland Security. Bass filed a motion to dismiss and strike summons and complaint, largely making the same arguments, but adding the additional claims that he did not receive a hearing for the eviction, which is "a requirement for due process," and DPW failed to join Carrington Mortgage Services, LLC, a necessary party to the case.

DPW filed a motion for summary judgment. Exhibits attached to the motion included: copies of the recorded 2009 deed of trust, notice of default, and affidavit of mailing concerning the trustee's sale; certified mail receipts with tracking numbers for the notice to vacate; and tracking history indicating delivery of the notice to vacate. Bass responded to DPW's motion for summary judgment, again asserting the same arguments--that the trustee's sale involved bid manipulation and collusion, intimidation by the buyers, and a fraudulent deed. Bass also asserted that he was never properly served with an eviction notice. The material facts in dispute, according to Bass, were whether: (1) the auction was proper; (2) DPW was a bona fide purchaser; (3) a verbal agreement to purchase the property existed between Bass and Carrington Mortgage Services, LLC; (4) the foreclosure was conducted using an "incorrect Deed of Trust"; and (5) the eviction notice was incomplete.

Following a hearing on the motion to dismiss and strike the summons and complaint, the district court issued an opinion and order denying Bass's motion concluding "[Bass's] arguments in support of the motion to dismiss are meritless and it appears they are addressing issues beyond the scope of the lawsuit currently pending before this Court." Bass then filed additional pleadings, again asserting that the trustee's sale violated both "federal antitrust laws" and Idaho law. The district court then held a hearing on DPW's motion for summary judgment and subsequently issued its memorandum decision and order; summary judgment was granted in favor of DPW against Bass. The district court concluded that the trustee's sale was validly held and "nothing in the

3

record supports Bass's arguments regarding issues with the sale." Furthermore, the district court concluded:

> Based upon the record of this case, there are no issues of material fact with respect to the fact that Bass defaulted on his payment obligations, a Notice of Default was issued and recorded, a Notice of Trustee's sale was issued, notice was provided in multiple methods, and a Trustee's sale was held where DPW was the highest bidder. As the highest bidder, DPW immediately issued a check in the amount of $165,346.71 to purchase the property.

Bass filed a motion for reconsideration and a motion for stay until final judgment after reconsideration and appeal. DPW filed a response and memorandum in opposition to Bass's motions and a declaration of attorney fees and costs. Bass then filed an objection to memorandum of costs and attorney fees, a motion to strike inappropriate statements from DPW's filings, and a motion for judicial admonishment or warning.

The district court denied the motion for reconsideration and declined to address the motion for judicial admonishment and motion to strike, noting "there is no basis for these orders." The district court also noted that a final judgment had not been entered and thus the motion to stay was premature. The district court denied Bass's motion for reconsideration because Bass's arguments in support of his motion were a restatement of his conclusory allegations with no supporting evidence. The district court entered judgment against Bass and awarded attorney fees and costs to DPW. Bass filed his first notice of appeal.

Shortly thereafter, Bass filed a motion to stay judgment pending appeal and a motion to waive supersedeas bond, pursuant to Idaho Rule of Civil Procedure 62(d) and Idaho Appellate Rule 13(b), and an amended notice of appeal. DPW opposed the motions. Bass then filed a supplemental motion to strike DPW's filings for repetition, scandalous content, and obstruction of justice, a memorandum in support of his motion to stay, and an affidavit accusing DPW's counsel of violating the rules of professional responsibility. After a hearing, the district court denied Bass's motion to stay and declined to address the motion to waive supersedeas bond, deeming it moot.

An amended judgment against Bass was entered and a writ of restitution was issued. Bass filed a petition for ex parte temporary stay during appeal with the Idaho Supreme Court, which the Court denied. Subsequently, the Nez Perce County Sheriff's office executed the writ of restitution and obtained possession of the property. Bass then filed a second amended notice of appeal.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration. If the decision was within the trial court's discretion, we apply an abuse of

5

discretion standard. *Westover v. Idaho Counties Risk Management Program*, 164 Idaho 385, 391, 430 P.3d 1284, 1290 (2018).

## III.

## ANALYSIS

On appeal, Bass, representing himself pro se, raises thirteen issues in the Issues Presented on Appeal section of his opening brief and raises upwards of thirty issues within the argument section. In Bass's reply brief, he raises twenty-seven issues. Most of the issues raised by Bass are unsupported by the record, lack legal foundation, are untimely, and unpreserved for appeal. Many of Bass's assertions are difficult to follow and appear to be based on misunderstandings of the applicable law or facts. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, we will only consider those issues that are preserved and supported by cogent argument and citation to authority and relevant parts of the transcript and record. Those claims are as follows: (1) whether DPW was a good faith purchaser of the property in question; (2) whether the district court properly granted summary judgment in favor of DPW; and (3) whether the district court properly denied Bass's motion for reconsideration.

### A. The Appeal is Not Moot

Preliminarily, we must address DPW's argument that this appeal must be dismissed as moot as it has obtained possession of the property. "An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). The issue of mootness can be raised at any time, including for the first time on appeal. *McLean v. Cheyovich Fam. Tr.*, 153 Idaho 425, 431, 283 P.3d 742, 748 (2012). "Mootness . . . applies when a favorable judicial decision would not result in any relief. This Court may only review cases in which a judicial determination will have a practical effect on the outcome." *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006) (internal citation omitted).

DPW cites to three cases to support their argument; however, all the cases are distinguishable. For example, in *Hennepin Cnty. v. Mikulay*, 194 N.W.2d 259, 262 (Minn. 1972),

the landowners surrendered the land in dispute to the county. Here, Bass did not surrender the property and had to be ejected. In *Handy v. Fiske*, 308 A.3d 544, 546 (Vt. 2023), the issue was ejectment based on nonpayment of rent from tenants in an apartment. There, the landlord was appealing the dismissal of his ejectment action, however the tenants had vacated the property and returned possession to the landlord. *Id.* at 546-47. Because the only issue on appeal was ejectment, the case became moot when the tenants moved out. *Id.* Here, the issue on appeal is whether summary judgment was properly granted, and although Bass was not physically residing at the residence at the time of ejectment, he contested DPW's ownership. Finally, DPW cites to an unpublished case from Ohio, *Miami Valley Hous. v. Jackson*, Docket No. 25020, (Ohio Ct. App. 2012). That case was based on a forcible entry and detainer action. *Id.* A forcible entry and detainer action decides the right to immediate possession of property and nothing else. *Id.* None of the cases cited by DPW are analogous to the facts here and we find them unpersuasive. As a result, we do not find this appeal is moot and will address the merits of the above-listed issues.

**B.     DPW Established There Was No Genuine Issue of Material Fact**

Bass argues that the district court erred in granting DPW's motion for summary judgment because there were genuine issues of material fact regarding whether DPW complied with I.C. § 45-1508. DPW responds that the district court properly granted summary judgment because DPW complied with the Idaho Trust Deeds Act ("the Act"), codified at Chapter 15, Title 45 of the Idaho Code, and proved each necessary element to eject Bass from the property. In granting summary judgment, the district court concluded that DPW established itself as a bona fide good faith purchaser who complied with the Act and thus, had the right to eject Bass from the property, leaving no genuine issue of material fact to be resolved. The burden then shifted to Bass to present facts and evidence that created a genuine material issue of fact that DPW was not entitled to eject him from the property.

"The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to withstand summary judgment." *Finholt v. Cresto*, 143 Idaho 894, 896-97, 155 P.3d 695, 697-98 (2007). "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Id.* at 897, 155 P.3d at 698. A statement is conclusory if it does not contain supporting evidence for its assertion. *Eldridge v. West*, 166 Idaho 303, 311, 458 P.3d 172, 180 (2020). A party may not rely on his pleadings nor merely assert that there are some facts which might or will support

7

his legal theory, instead he must establish the existence of specific facts by deposition, affidavit, or otherwise. *Berian v Berberian*, 168 Idaho 394, 401, 483 P.3d 937, 944 (2020).

When an action will be tried by bench trial, the district court is entitled to arrive at the most probable inferences based upon the undisputed evidence before it and grant the summary judgment despite the possibility of conflicting inferences. *Wolford v. Montee*, 161 Idaho 432, 437, 387 P.3d 100, 105 (2016). In an action for ejectment, the plaintiff must only prove three elements: "(1) ownership, (2) possession by the defendants, and (3) refusal of the defendants to surrender possession." *Pro Indiviso, Inc. v. Mid-Mile Holding Tr.*, 131 Idaho 741, 745, 963 P.2d 1178, 1182 (1998).

Here, the only element of ejectment Bass appears to be challenging is ownership, which is tied to his argument regarding the trustee's sale. The record establishes that Bass was the owner of the property, secured by a deed of trust recorded in the appropriate county records. A deed of trust is given "to secure the performance of an obligation of the grantor or any other person named in the deed to a beneficiary." I.C. § 45-1503(1); *Renshaw v. Mortg. Elec. Registration Sys., Inc.*, 155 Idaho 656, 658, 315 P.3d 844, 846 (2013). When the deed of trust was executed, Bass was the named grantor and MERS was the named beneficiary "solely as nominee for Lender . . . and Lender's successors and assigns." The deed of trust was executed to secure payment of a promissory note owing to Bank of America, N.A., the lender. Bass defaulted on his payments, a trustee's sale was held, a trustee's deed was executed to DPW as the purchaser of the property, and the deed was recorded. Following the sale, Bass received a notice of eviction.

Under the Act, Bass's ownership of the property was terminated upon the completion of the trustee's sale:

> A sale made by a trustee under this act shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given under section 45-1506, Idaho Code, and of any other person claiming by, through or under such persons and such persons shall have no right to redeem the property from the purchaser at the trustee's sale.

I.C. § 45-1508. Following the sale, the trustee's deed listing DPW as the grantee was recorded. Pursuant to the Act, the trustee's sale terminated Bass's ownership of the property. Once the trustee's deed was recorded, the deed established conclusive proof of DPW's ownership of the property and awarded them certain statutory protections:

> When the trustee's deed is recorded in the deed records of the county where the property described in the deed is located, the recitals contained in the deed and

8

in the affidavits required under section 45-1506(7), Idaho Code, shall be prima facie evidence in any court of the truth of the recitals and the affidavits. However, the recitals and affidavits are conclusive in favor of a purchaser in good faith for value or any successor in interest thereof. For purposes of this section, the trustee's deed shall be deemed effective as of the date and time on which the sale was held if such deed is recorded within fifteen (15) days after the date of sale or the first business day following the fifteenth day if the county recorder of the county in which the property is located is closed on the fifteenth day.

I.C. § 45-1510(1).

Bass argues the trustee's deed is not conclusive proof of DPW's ownership under the Act because DPW is not a good faith purchaser. "The term good faith has been defined as one who acquired real property without actual or constructive notice of another's claim or of any defect in title." *Owen v. Smith*, 168 Idaho 633, 643 485 P.3d 129, 139 (2021) (internal quotation marks omitted). Bass argues that DPW cannot be a good faith purchaser because Bass's presence at the auction where he displayed "conspicuous signage declaring 'AUCTION FIXED' provided unmistakable actual notice of procedural defects." Bass's disagreement with the process of the trustee's sale is not actual or constructive notice of Bass's claims or of any defect in the title DPW purchased.

Bass further argues DPW cannot be a good faith purchaser because there was collusion involved in the auction process evidenced by DPW providing a check in the exact amount of the winning bid. We agree with the district court that this is not evidence of collusion. The district court found that DPW explained they provided their representative with several cashier's checks in varying amounts in order for payment to be tailored to the amount of a winning bid. It is common practice for bidders at foreclosure sales to bring several checks to an auction. *See Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 653, 516 P.3d 73, 77 (2022) ("Before the sale, Breckenridge had given Ashmore cashier's checks in various amounts made payable to an entity affiliated with Breckenridge."). None of Bass's arguments create a genuine issue of material fact regarding DPW's status as a good faith purchaser.

A trustee's sale to a good faith purchaser for value at a foreclosure sale auction is final unless there are issues surrounding actual notice of the sale. *Id.* at 659, 516 P.3d at 83. The notice requirements for a foreclosure sale are codified in I.C. § 45-1506. Here, it is clear from the record that there were no issues surrounding actual notice of the sale; moreover, Bass was present at the sale. As a result, absent an issue surrounding actual notice (which there was not in this case), any other irregularity does not affect the finality of the sale.

9

Because DPW was a good faith purchaser, the language in the trustee's deed is conclusive proof of DPW's ownership of the real property pursuant to I.C. § 45-1510(1). Given the evidence in the record, the district court did not err in concluding there was no genuine issue of material fact regarding DPW's ownership of the property and its right to eject Bass from the property.

## C.     Arguments Not Properly Before This Court

On appeal, and for the first time, Bass argues that the entire proceeding below was "fundamentally unfair and constitutionally invalid by the District Court's failure to disclose its prior, substantiative, and contentious involvement in Appellant's legal life" because the district court judge had presided over Bass's divorce. As stated above, generally, issues not raised below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. Bass did not raise this argument below nor file a motion to disqualify the presiding judge. Bass also said nothing when the district court asked Bass if he wanted a different judge assigned to the case after she disclosed her familiarity with Bass's co-defendant. Thus, this argument has not been preserved and will not be considered.

Bass next challenges the validity of the trustee's sale, but his arguments are unpersuasive. Although not yet addressed in Idaho, other states have addressed the issue and generally held that claims surrounding the validity of the sale are waived once a valid trustee sale has occurred. *See Zubia v. Shapiro*, 408 P.3d 1248, 1249 (Ariz. 2018) (holding homeowner's allegation that her name was forged on promissory note and deed of trust is waived post trustee sale); *Plein v. Lackey*, 67 P.3d 1061, 1067-68 (Wash. 2003), *as amended on denial of reconsideration* (June 6, 2003) (holding that plaintiff waived his right to contest nonjudicial foreclosure sale where he failed to obtain a preliminary injunction or other order barring the sale); *see also Deutsche Bank Nat. Tr. Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. Ct. App. 2014) (explaining that eviction actions are summary proceedings that are intended to adjudicate only the limited question of present possessory rights to the property and that parties generally may not litigate related claims in an eviction proceeding). As none of Bass's challenges to the validity of the trustee's sale are relevant to the limited question of whether DPW currently owns the property, his claims regarding the validity of the sale are not properly before this Court and we decline to consider them.

To the extent the claims regarding the validity of the trustee's sale were raised in the district court, the district court properly rejected the claims. For example, attached to Bass's affidavit in opposition to DPW's motion for summary judgment were screenshots of a Facebook Messenger

10

conversation between Bass and an individual named Glenda Morlan. Morlan identified herself as a local real estate agent who was interested in buying Bass's home after she found it on a foreclosure website. Bass claims the messages demonstrate "bid manipulation, collusion, and irregularities in the auction process." We disagree. Nothing about the content of the conversation between Bass and Morlan establishes that DPW manipulated the bid, colluded with anyone with respect to the foreclosure sale, or impaired the auction process.

Bass also argues he was denied discovery while simultaneously admitting he did not file discovery requests because he thought discovery procedures commenced "sua sponte in civil litigation." As the district court explained to Bass, pro se litigants must adhere to the same standards as represented parties. Bass's status as a pro se litigant did not grant him any privileges not accorded to other litigants; he is held to the same standard as a represented party. Accordingly, we decline to grant him special treatment or additional consideration solely on this basis. *See Axelrod as Tr. of David W. Axelrod Fam. Tr. dated June 13, 2017 as restated on Sept. 28, 2018 v. Reid Ltd. P'ship*, 174 Idaho 108, 119, 551 P.3d 777, 788 (2024).

Throughout his briefing, Bass requests this Court recognize him as "perforce pro se" and asserts the district court "imposed rigid procedural barriers that disproportionately disadvantaged him, failing to account for the complexities of foreclosure law and his involuntary perforce pro se status, thereby impinging on his due process rights to a meaningful opportunity to be heard." There is no evidence in the record that Bass was denied either notice or an opportunity to be heard. Bass has not cited any authority that due process rights are implicated by the eviction process that occurred in this case. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. As a result, we decline to consider arguments lacking authority and citation to the record.

Bass states that there are enhanced federal and state constitutional due process protections for pro se litigants defending their property interests. However, the extent of Bass's property interest is defined by statutes or rules. *See Newton v. MJK/BJK, LLC*, 167 Idaho 236, 245, 469 P.3d 23, 32 (2020) (explaining that "property interests are determined by examining the particular statute, rule, or ordinance in question"). "The existence of a liberty or property interest depends on the construction of the relevant statutes, and the nature of the interest at stake." *Id.* (internal quotation marks omitted). Here, Bass's property interest ended when DPW, as a bona fide good faith purchaser, purchased the land at the trustee's sale, of which Bass had notice, and a trustee's

11

deed evidencing DPW's ownership was recorded as set forth in I.C. § 45-1503 through 45-1515. Bass has failed to establish there are any enhanced federal statutory protections governing his eviction in this case.

The district court did not err in granting summary judgment in favor of DPW because there was no genuine issue of material fact that DPW was a bona fide good faith purchaser; the trustee's sale was final; the trustee's deed was properly recorded and thus, conclusively established DPW's ownership; and DPW could properly evict Bass from the property. Nothing in the record establishes any violation of the requirements for the foreclosure and sale of trust deeds codified in I.C. § 45-1502 through 45-1515. Moreover, any challenges regarding the foreclosure and trustee's sale are irrelevant as to the ejectment proceeding.

**D.      The District Court Properly Denied Bass's Motion to Reconsider**

A motion for reconsideration under I.R.C.P. 11.2(b)(1) "is a motion which allows the court--when new law is applied to previously presented facts, when new facts are applied to previously presented law, or any combination thereof--to reconsider the correctness of an interlocutory order." *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 62, 278 P.3d 928, 932 (2012). While the Idaho Supreme Court has explained that a trial court should take into account any new facts presented by the moving party that bear on the correctness of the order, "this rule was not designed to allow parties to bypass timing rules or fail to conduct due diligence prior to a court's ruling." *Ciccarello v. Davies*, 166 Idaho 153, 162, 456 P.3d 519, 528 (2019). Rather, the purpose of a motion for reconsideration is to reexamine the correctness of an order. *Id*. This Court reviews a district court's decision on a motion for reconsideration using the same standard of review the lower court used when deciding the motion. *Summerfield v. St. Luke's McCall, Ltd.*, 169 Idaho 221, 229, 494 P.3d 769, 777 (2021).

Following the district court's issuance of the order granting summary judgment, Bass filed a motion for reconsideration along with a memorandum. The memorandum contained pages of case summaries that appear to have been compiled by use of artificial intelligence software. During the hearing on the motion for reconsideration, Bass claimed the district court "misapplied the law" by concluding that it was "normal behavior . . . for the bidders to be talking to the trustees ahead of the auction." Bass also argued the trustee sale violated the Sherman Act by not having "open and transparent" bidding.

12

In the order denying the motion for reconsideration, the district court noted that Bass's memorandum in support of his motion raised the same arguments as before: (1) there was no valid default; (2) there was collusion in the foreclosure sale; (3) the statutory requirements for non-judicial foreclosure were not followed; and (4) the district court failed to consider several of his filings. However, as before, Bass failed to support any of these assertions with evidence. Because Bass did not point to evidence existing in the record or any update in the law that would change the district court's application of the law to the facts, the district court did not err in denying Bass's motion for reconsideration.

### E. Attorney Fees and Costs

After summary judgment was granted, DPW filed a declaration of attorney fees and costs for a total amount of $9,330.00. Bass filed an objection. Attorney fees and costs were awarded to DPW pursuant to I.C. §§ 6-316, 12-121 and I.R.C.P. 54(e)(1) and (2) in the total amount of $9,626.91. Both parties request attorney fees and costs on appeal.

#### 1. Attorney fees in the district court

Bass argues the district court abused its discretion in awarding attorney fees and costs in the total amount of $9,626.91 in favor of DPW pursuant to I.C. §§ 6-316, 12-121 and I.R.C.P. 54(e)(1) and (2). The award of attorney fees rests in the sound discretion of the trial court and the burden is on the person disputing the award to show an abuse of discretion. *Idaho Mil. Hist. Soc'y, Inc. v. Maslen*, 156 Idaho 624, 631, 329 P.3d 1072, 1079 (2014). In its award, the district court explained its decision as follows:

> The Court finds that Defendant Bass defended the action frivolously, unreasonably and without foundation. Defendant Bass repeatedly argued issues that were not related to the ejection issue, but a wholly separate case regarding the default of payments on Bass's mortgage. This is noted in the *Opinion and Order on Defendant Bass's Motion for Reconsideration*, filed on December 16, 2024. Therefore, an award of attorney fees is warranted in this matter.

The standard set forth in I.C. § 12-121 has been met in this case and the district court did not abuse its discretion in granting attorney fees and costs in favor of DPW.

#### 2. Attorney fees on appeal

Both parties request attorney fees and costs on appeal pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.

13

Bass additionally requests attorney fees pursuant to I.A.R. 40. We decline Bass's request for two reasons. First, Bass is not the prevailing party on appeal. Second, pro se litigants are not entitled to attorney fees. *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009).

DPW also requests attorney fees and costs on appeal under I.A.R. 11.2. DPW asserts:

> [Bass's brief is] replete with the same baseless conspiracy theories and accusations that were made before the district court as well as new theories never presented and which are not grounded in fact, warranted by existing law, and are being made for an improper purpose including harassment, unnecessary delay, and needless increase in the cost of litigation.

Bass argues that his arguments cannot be considered frivolous when he made "good faith efforts to comply with procedural requirements despite perforce (involuntary) pro se status." However, pro se litigants are held to the same standards and rules as those represented by an attorney. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). Furthermore, pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules. *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007).

On appeal, as he did below, Bass continued to file lengthy briefs containing little to no legal argument and authority. Several arguments were either not preserved for appeal and therefore could not be considered by this Court, were wholly conclusory, or lacked cogent argument. Bass's briefing was full of fragmented legal reasoning and citations that do not support the arguments he asserted. For example, in his reply brief, Bass asserts that DPW is a "foreign LLC" and therefore the Idaho Constitution requires no preservation of issues. He then states, "Respondents' failure to demonstrate constitutional compliance renders them legally incapable of using the Idaho Courts--a jurisdiction defect that renders all proceedings void ab initio." This argument is based on a misunderstanding of legal terms and legal process.

Bass repeatedly cites cases for propositions that are not supported in the opinions cited. For example, Bass cites *American Fruit Growers v. Walmstad*, 44 Idaho 786, 260 P. 168 (1928), for the proposition that an unserved sheriff's writ is "prima facie evidence" of jurisdictional failure. Bass incorrectly quotes the case, leaving out words which are not helpful to him, to state "*the return of the sheriff . . . is prima facie evidence . . . can only be overcome by clear, unequivocal and convincing proof.*" In fact, the quote in context stands for the exact opposite proposition that Bass suggests:

14

> The presumption of law is, until the contrary is proved, that an officer has performed his duty, and that the return correctly states the facts relative to service of process. The return of the sheriff upon process or notices is prima facie evidence of the facts in such return stated. A sheriff's return of summons is prima facie evidence of service, and can only be overcome by clear, unequivocal and convincing proof that service was not made.

*Id.* at 788, 260 P. at 170 (internal citations and quotation marks omitted).

Bass next cites to *W. Loan & Bldg. Co. v. Bandel*, 57 Idaho 101, 63 P.2d 159 (1936) for the proposition that because he maintains key access to the property, he has continuing possession. That is not the holding of *Bandel* and Bass fails to explain its relevance to the issues on appeal.

Bass further argues he cannot be forced to pay attorney fees because "the existence of any '*fairly debatable*' issue bars such an award." Bass cites to *Nampa & Meridian Irr. Dist. v. Washington Fed. Sav.*, 135 Idaho 518, 20 P.3d 702 (2001) for this proposition. However, that case was overruled by *Millard v. Talburt*, 173 Idaho 533, 544 P.3d 748 (2024), and abrogated by *Idaho Mil. Hist. Soc'y, Inc*. As the Idaho Supreme Court clearly stated in *Millard*,

> We take this opportunity to reaffirm our holding in *Maslen* that apportionment of attorney fees is appropriate for those elements of the case that were frivolous, unreasonable, and without foundation. We overrule our decision in *Nampa and Meridian*, as well as any subsequent decisions citing it, to the extent they suggest that a request for attorney fees under section 12-121 must be denied if the opposing party has raised one legitimate issue.

*Millard*, 173 Idaho at 547, 544 P.3d at 762 (internal citations and quotation marks omitted).

Additionally, Bass violated several of the Idaho Appellate Rules. First, Bass did not comply with I.A.R. 36(b), which provides that the type shall be no smaller than 12-point Times New Roman. Bass's brief was an unknown font that was difficult to read, with his footnotes being in a font so small as to be almost unreadable. Idaho Appellate Rule 35(a)(6) requires that the argument contain the contentions of the appellant with citation to the authorities, statutes, and parts of the transcript and record relied upon. Some of Bass's arguments lack authority, some lack citation to the record, some lack foundation in the record, and some lack all of the above. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

We hold that Bass brought this appeal frivolously, unreasonably, and without foundation. Attorney fees and costs on appeal are awarded to DPW pursuant to I.C. § 12-121.

## IV.
## CONCLUSION

We affirm the district court's judgment granting summary judgment in favor of DPW, the denial of Bass's motion for reconsideration, and the award of attorney fees and costs to DPW. Costs and attorney fees on appeal are awarded to DPW.

Judge GRATTON and Judge LORELLO, **CONCUR**.